# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3547

_____

Harry Stephens Farms, Inc.; Harry   *
Stephens, individually and as managing   *
partner of Stephens Partnership,   *
  *
            Appellants,   *
  *   Appeal from the United States
      v.   *   District Court for the
  *   Eastern District of Arkansas.
Wormald Americas, Inc.; Helena   *
Chemical Company, Inc.; Exxon Mobil   *   [PUBLISHED]
Corporation, Successor to Mobil   *
Chemical Company,   *
  *
            Appellees.   *

_____

Submitted: June 4, 2009
Filed: June 19, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this environmental-contamination case, plaintiffs Harry Stephens (Stephens) and two affiliated farming businesses appeal the district court's adverse grant of summary judgment, holding that the applicable Arkansas three-year statute of limitations barred their action for damages, originally filed on June 9, 2006. Upon de novo review, see Bannister v. Bemis Co., 556 F.3d 882, 884 (8th Cir. 2009), we reverse the grant of summary judgment and remand the case for further proceedings.

To begin, we agree with the district court's application of the Arkansas three-year statute of limitations and its application of the "discovery rule." See Highland Indus. Park, Inc. v. BEI Def. Sys. Co., 357 F.3d 794, 796 (8th Cir. 2004) (in environmental-contamination action based on diversity jurisdiction, applying law of forum state, Arkansas, to determine statute-of-limitations issue; concluding Arkansas three-year statute of limitations applied and Arkansas Supreme Court would use "discovery rule," i.e., statute does not begin to run until plaintiff knows, or reasonably should know, that its land has suffered remediable injury). We also believe that the district court's decision to disregard portions of Stephens's affidavit was warranted. See Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365-66 (8th Cir. 1983) (party who has been examined at length on deposition cannot raise issue of fact simply by submitting affidavit contradicting his own earlier testimony).

For the following reasons, however, we conclude that a genuine issue remains as to whether plaintiffs knew or reasonably should have known before June 9, 2003, that their property had suffered a remediable injury as a result of defendants' actions on neighboring property. First, Stephens's undisputed "worry" and "concern" about possible environmental contamination dating back to the mid-1990s was not proper evidence on which to rest the summary judgment decision. Cf. O'Connor v. Boeing N. Am., Inc., 311 F.3d 1139, 1148 (9th Cir. 2002) (rejecting interpretation of federal discovery rule that would begin limitations period upon mere suspicion of elements of claim; such standard would result in preventative and often unnecessary claims). Second, summary judgment was not justified by a 2001 report submitted to a state agency by an environmental consulting firm. Although the report indicated that Stephens had been notified of contamination in some of his irrigation wells, no evidence showed that he had in fact been notified at that time. The only evidence of such notification was a December 2004 letter from a state agency to Stephens, informing him of potentially unsafe levels of a contaminant in one of his irrigation wells and asking him to discontinue using that well until further notice. Cf. Highland Indus. Park, Inc., 357 F.3d at 797-98 (environmental-contamination action was barred

by 3-year statute of limitations where, 3 years and 1 month before complaint was filed, plaintiff had received "the first environmental report" notifying it that groundwater contamination had exceeded regulatory levels). Finally, although two of defendants' witnesses stated in affidavits that Stephens had made statements to them in 2002 indicating he was aware of contamination on his property, Stephens provided conflicting deposition testimony. Thus, we conclude that there remains a genuine issue of material fact, which cannot be resolved without making credibility determinations, weighing evidence, and drawing inferences against the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (noting that, for purposes of summary judgment, credibility determinations, weighing of evidence, and drawing of legitimate inferences are functions of jury, not judge, and all justifiable inferences are to be drawn in favor of non-moving party).

Accordingly, the grant of summary judgment is reversed, and the case is remanded to the district court for further proceedings not inconsistent with this opinion.

_____